IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mason Yuko | ) |
| | ) |
| Plaintiff, | ) Court No.: 19-CV-4424 |
| | ) |
| vs. | ) Amount: In Excess of Fifty Thousand |
| | ) Dollars ($75,000.00), Plus the Costs |
| Jennifer Watman, Hertz Vehicles, LLC, | ) Of This Suit. |
| Hertz System, Inc | ) |
| | ) |
| Defendants. | ) Return Date: |

## COMPLAINT

NOW COMES the plaintiff, Mason Yuke, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the defendants, Jennifer Watman, Hertz Vehicles, LLC, and Hertz System, Inc., and states as follows:

### JURISDICTIONAL BASIS

1. Plaintiff Mason Yuke is a resident of, and is domiciled in the State of Illinois.

2. Defendant Jennifer Watman is, upon information and belief, a resident of, and domiciled in, the State of Florida.

3. Defendant Hertz Vehicles, LLC is, upon information and belief, a resident of the State of Minnesota.

4. Defendant Hertz Systems Inc., is, upon information and belief, a resident of the State of Florida.

5. This is an action for personal injuries. Currently, the total medical bills at issue in this case exceed $58,000. As a result, the amount in controversy, including pain and suffering and loss of normal life exceeds $75,000.

## ALLEGATIONS COMMON TO ALL COUNTS

6. On July 17, 2017, and at all relevant times herein, the defendant, Jennifer Watman, operated a motor vehicle traveling in a Northbound direction on Johnson Avenue at or near the intersection of Chicago Street, Hammond Indiana.

7. At the aforesaid time, and at all relevant times herein, the plaintiff, Mason Yuko, drove a motor vehicle traveling in a Westbound direction on Chicago Street near the intersection of Johnson Avenue, Hammond, Indiana.

8. That at the aforesaid time and place, and at all relevant times herein, defendant did then and there drive his vehicle into a violent collision with the side of the vehicle plaintiff was operating.

9. That at all relevant times herein, plaintiff was in the exercise of all due care and caution for his own safety and the safety of others, that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

## COUNT I: Mason Yuko v. Jennifer Watman

10. Plaintiff re-alleges and reincorporates the above paragraphs into this count as if fully incorporated herein.

11. At the aforesaid time and place, and at all relevant times herein, defendant Watman owed a duty to plaintiff to exercise due and proper care and caution in the operation of said motor vehicle.

12. That at the aforesaid time and place and all relevant times herein, defendant breached the aforesaid duty to plaintiff through one or more of the following acts and/or omissions:

   a. owned, operated, controlled and drove said motor vehicle into a collision with Plaintiff's vehicle;

b. failed to keep said motor vehicle under proper and sufficient control;

c. failed to take sufficient evasive measures to avoid collision;

d. operated and drove said motor vehicle without keeping a proper and sufficient lookout;

e. failed to decrease speed so as to avoid colliding with plaintiff;

f. failed to give an audible warning with horn when such warning was reasonably necessary to ensure safety;

g. Disregarded a traffic control device;

h. Failed to yield to the plaintiff's right of way.

13. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant, plaintiff suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, the plaintiff, Mason Yuko, demands judgment against the defendant, Jennifer Watman, for a sum in excess of Seventy Five ($75,000.00) DOLLARS, plus costs of this suit.

## COUNT II: Hertz Vehicles, LLC

14. Plaintiff re-alleges and reincorporates the above paragraphs into this count as if fully incorporated herein.

15. At the aforesaid time and place, and at all relevant times herein, defendant Hertz Vehicles, LLC owned and maintained said motor vehicle then and there operated, controlled, and driven by said authorized and/or ostensible agent of the Defendant, Jennifer Watman

16. That at the aforesaid time and place, and at all relevant times herein, said ostensible agent of the Defendant, Jennifer Watman, operated, controlled, and drove said motor vehicle with

the knowledge, consent, and express and/or implied permission of the Defendant, Hertz Vehicles, LLC.

17. That at the aforesaid time and place, said authorized and/or ostensible agent of the Defendant, Hertz Vehicles, LLC., operated, controlled, and drove said motor vehicle within the permission of the Defendant, Hertz Vehicles, LLC.

18. That at the aforesaid time and place, and at all relevant times herein, said authorized agent of the defendant, Jennifer Watman, was conducting himself in such a manner as to cause members of the general public, including the plaintiff to believe that he was an authorized agent of the Defendant, Hertz Vehicles, LLC.

19. That at the aforesaid time and place, the Defendant, Hertz Vehicles, LLC owed a duty to the plaintiff and to the public generally to exercise due proper care and caution in the operation of said motor vehicle.

20. That at the aforesaid time and place, the defendant, Hertz Vehicles, LLC as owner and principle through its agent, Jennifer Watman, breached the aforesaid duty to the plaintiff through one or more of the following acts and/or omissions:

    a. owned, operated, controlled and drove said motor vehicle into a collision with Plaintiff's vehicle;

    b. failed to keep said motor vehicle under proper and sufficient control;

    c. failed to take sufficient evasive measures to avoid collision;

    d. operated and drove said motor vehicle without keeping a proper and sufficient lookout;

    e. failed to decrease speed so as to avoid colliding with plaintiff;

    f. failed to give an audible warning with horn when such warning was reasonably necessary to ensure safety;

    g. Disregarded a traffic control device;

    h. Failed to yield to the plaintiff's right of way.

21. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant Hertz Vehicles, LLC's Agent, Jennifer Watman, plaintiff suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, the plaintiff, Mason Yuko, demands judgment against the defendant, Hertz Vehicles, LLC, for a sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS, plus costs of this suit.

## COUNT III: Hertz System Inc.

22. Plaintiff re-alleges and reincorporates the above paragraphs into this count as if fully incorporated herein.

23. At the aforesaid time and place, and at all relevant times herein, defendant Hertz Systems Inc owned and maintained said motor vehicle then and there operated, controlled, and driven by said authorized and/or ostensible agent of the Defendant, Jennifer Watman

24. That at the aforesaid time and place, and at all relevant times herein, said ostensible agent of the Defendant, Jennifer Watman, operated, controlled, and drove said motor vehicle with the knowledge, consent, and express and/or implied permission of the Defendant, Hertz Systems Inc.

25. That at the aforesaid time and place, said authorized and/or ostensible agent of the Defendant, Hertz Systems Inc., operated, controlled, and drove said motor vehicle within the permission of the Defendant, Hertz Systems Inc.

26. That at the aforesaid time and place, and at all relevant times herein, said authorized agent of the defendant, Jennifer Watman, was conducting himself in such a manner as to cause members of the general public, including the plaintiff to believe that he was an authorized agent of the Defendant, Hertz Systems Inc, LLC.

27. That at the aforesaid time and place, the Defendant, Hertz Systems Inc owed a duty to the plaintiff and to the public generally to exercise due proper care and caution in the operation of said motor vehicle.

28. That at the aforesaid time and place, the defendant, Hertz Systems Inc as owner and principle through its agent, Jennifer Watman, breached the aforesaid duty to the plaintiff through one or more of the following acts and/or omissions:

   a. owned, operated, controlled and drove said motor vehicle into a collision with Plaintiff's vehicle;
   b. failed to keep said motor vehicle under proper and sufficient control;
   c. failed to take sufficient evasive measures to avoid collision;
   d. operated and drove said motor vehicle without keeping a proper and sufficient lookout;
   e. failed to decrease speed so as to avoid colliding with plaintiff;
   f. failed to give an audible warning with horn when such warning was reasonably necessary to ensure safety;
   g. Disregarded a traffic control device;
   h. Failed to yield to the plaintiff's right of way.

29. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant Hertz Systems Inc's Agent, Jennifer Watman, plaintiff suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, the plaintiff, Mason Yuko, demands judgment against the defendant, Hertz Systems Inc., for a sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS, plus costs of this suit.

_____
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC**
John Bickley
Attorney for Plaintiff
100 N. Riverside, Ste 2400
Chicago, IL 60606
(312)482-8200 Ext. 408.
jbickley@vrdolyak.com